IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES FREDDIE JOHNSON,        )
                              )
         Petitioner,          )
                              )
    v.                        )        1:09CV7
                              )
UNITED STATES OF AMERICA and  )
UNITED STATES PAROLE          )
COMMISSION,                   )
                              )
         Respondents.         )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal parolee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The facts of the case, as shown by exhibits attached to Respondent's response to the petition, are as follows.[1] Petitioner was originally convicted of robbery, carrying a pistol without a license, theft, and destruction of property in the courts of the District of Columbia in 1997. He was sentenced to fifteen years and 180 days in prison. The United States Parole Commission later assumed jurisdiction over District of Columbia felony prisoners. When such offenders are paroled, they are supervised by United States Probation Officers in the district where they live after release. Petitioner was paroled into this District on August 8, 2007.

---

[1] Petitioner has raised several legal issues, but has not contested these basic facts.

On March 18, 2008, Petitioner's supervising officer reported that Petitioner had tested positive for drugs on multiple occasions, that he had completed a fourteen-day inpatient treatment program, and that he resumed drug use soon afterward. Petitioner also lost contact with his probation officer and stopped attending his drug treatment classes. On July 1, 2008, the Parole Commission issued a warrant for his arrest. Petitioner was subsequently taken into custody by the United States Marshals Service on July 31, 2008. He was then given a preliminary interview by a United States Probation Officer on August 6, 2008. Petitioner waived his right to counsel and admitted to the charges in the warrant during that interview. He asked that a revocation hearing be conducted after he was transferred to a federal institution and that counsel be appointed for that hearing.

On October 21, 2008, the Parole Commission informed Petitioner that it had found probable cause to support the charges that Petitioner had violated his parole. It also offered him an expedited revocation procedure if he accepted responsibility for his violations, waived the revocation hearing, and consented to revocation. He was told that he would have to serve twelve months in custody and forfeit time spent on parole as a result of the revocation. Petitioner initially indicated that he would not accept the expedited process, but later sent a letter agreeing to the procedure. The Parole Commission issued its final decision on November 30, 2008, which incorporated the terms that Petitioner had accepted.[2]

---

[2] Petitioner subsequently served the active portion of his sentence and was released while this action was pending. (Docket No. 16.) He is still seeking restoration of the time credits that he lost. (Docket No. 17.)

## Petitioner's Claims

Petitioner makes a number of claims in his petition. He contends that he was not properly served with the warrant following his arrest, that the warrant did not include language explaining why revocation was sought, that he was not given notice prior to his preliminary hearing, that he was not informed within 21 days of the "Parole Commission decision," and that the Parole Commission erred in incarcerating him for his violations instead of placing him in a halfway house or drug treatment program. The petition is unclear as to which "decision" is referenced in Petitioner's 21-day notification claim. However, he makes it clear in his reply brief that he is claiming that he did not receive notice of the probable cause decision within 21 days of his preliminary interview. (Docket No. 17.)

## Discussion

All of Petitioner's claims easily fail. Respondent makes a compelling argument that Petitioner's acceptance of the expedited revocation procedure waived his right to even bring claims as to the alleged earlier errors. As Respondent points out, a prisoner must ordinarily exhaust all administrative remedies before bringing a habeas action. *See, e.g., DeVincent v. United States*, 587 F. Supp. 494 (E.D. Va.), *aff'd,* 746 F.2d 1471 (4th Cir. 1984). Also, a parole revocation is a parolee's opportunity to have his claims heard by the Parole Commission. Here, Petitioner waived that opportunity and decided not to challenge the revocation. He now wishes to change his mind, but has given no legal basis for doing so.

Even if the Court were to find that Petitioner's acceptance of the expedited revocation procedure did not waive his claims, the claims still fail on their merits. Most of Petitioner's claims allege improper notice of some sort. He alleges inadequate notice of the charges in the warrant, no prior notice of the preliminary interview, and late notice that the Parole Commission made a finding of probable cause. When raising such claims in a federal habeas petition, a petitioner must demonstrate prejudice from the lack of notice. *See Borre v. Garrison*, 536 F. Supp. 76 (E.D. Va.), *aff'd*, 691 F.2d 492 (4th Cir. 1982); *White v. United States Parole Commission*, 856 F.2d 59, 61 (8th Cir. 1988).

Here, Petitioner has not demonstrated any possible prejudice. He does not even make an allegation of prejudice in his original petition. In his reply brief, he states only in conclusory fashion that he was prejudiced by the delay in communicating the finding of probable cause because, had he been informed of the finding within 21 days, he would have "provided letters from family members on his behalf, alone [sic] with witnesses who would [have] contradicted the Parole officer [sic] report." (Docket No. 17 at 2.) Petitioner has neither provided letters or statements from any witnesses nor given the details of what his presentation would have been. It is also difficult to see how any witnesses could have helped him in contradicting the report given that the report was based on the solid evidence of positive drug tests and that Petitioner admitted to the violations in the preliminary interview. More importantly, any delay in notifying Petitioner that the Parole Commission had found probable cause in no way impaired his right to present letters or witnesses. He could

-4-

certainly have done so at his revocation hearing had he not waived that hearing. The delay in finding probable cause[3] did not prevent Petitioner from presenting evidence and witnesses, he simply chose not to do so. Because he cannot demonstrate prejudice from any alleged lack of notice, his lack of notice claims should all be denied.

Petitioner's remaining claim is that the Parole Commission should not have incarcerated him for his parole violations, but should have instead placed him into drug treatment to help him deal with the addiction that led to his parole violations. As Respondent points out, the Parole Commission's decisions to issue a warrant and revoke Petitioner's parole were discretionary. Therefore, the merits of the revocation decision cannot be challenged except perhaps in extreme circumstances, such as where a petitioner can demonstrate that the revocation decision lacked any evidentiary support or was so irrational that it was fundamentally unfair. *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir. 2002); *Garcia v. Neagle*, 660 F.2d 983 (4th Cir. 1981).

In no way can Petitioner clear this high bar. The record shows that Petitioner's supervising officer did first send Petitioner to an inpatient treatment program, followed by outpatient classes, in order to help him deal with his addiction. Petitioner returned to using drugs soon after he completed the inpatient program, stopped attending his outpatient classes, and lost contact with the supervising officer. The allegations against him were amply

---

[3] Respondent admits that the probable cause determination was late under the applicable regulations. It merely argues that the delay did not prejudice Petitioner.

-5-

Case 1:09-cv-00007-WO-PTS   Document 18   Filed 08/25/09   Page 5 of 6

supported and the decision to revoke his parole was entirely rational given the circumstances. His remaining claim for relief should be denied.

For reasons set forth above, **IT IS RECOMMENDED** that the Petitioner's petition for a writ of habeas corpus (Docket No. 2) be denied and that Judgment be entered dismissing this action.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 25, 2009